Filed 5/21/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MYRON DIJON BROWN,<br><br>    Defendant and Appellant. | 2d Crim. No. B337098<br>(Super. Ct. No. LA043272)<br>(Los Angeles County) |

    Myron Dijon Brown appeals from an order denying his petition for dismissal pursuant to Penal Code section 1203.41.[1] He contends the trial court erred by concluding that an antecedent failure on probation precluded section 1203.41 relief. The People concede the matter should be reversed. We accept the confession of error and reverse.

*Procedural Background*

    In 2003, appellant pleaded guilty to sale or transportation of a controlled substance. (Health & Saf. Code, § 11352, subd.

---

    [1] All further statutory references are to the Penal Code unless otherwise indicated.

(a).)  The trial court suspended imposition of sentence and placed appellant on probation for three years.

In 2005, appellant admitted violating probation.  The trial court revoked probation and sentenced appellant to state prison for three years.

In 2023, appellant filed a petition for dismissal of his 2003 conviction pursuant to section 1203.41.  The People opposed the petition.   The trial court conducted a hearing on the petition.  It noted appellant was "originally placed on probation and violated probation and sent to state prison, so he didn't successfully complete his probationary term.  If he was originally sentenced to state prison, then he might have gotten an expungement."  Appellant argued his conviction should be dismissed pursuant to section 1203.41 because he was sentenced to prison.  The trial court responded, "But that wasn't the original sentence."  It denied the petition on this basis.

*Discussion*

Appellant contends the trial court erred in denying his petition because he was not originally sentenced to state prison.  The People now agree.

Section 1203.41 originally only permitted defendants sentenced to jail pursuant to section 1170, subdivision (h)(5)(A)-(B) to petition for dismissal.  Senate Bill No. 731 (2021-2022 Reg. Sess.) amended section 1203.41 to permit defendants sentenced to state prison to petition for relief.  (See § 1203.41, subd. (a)(2).)

This presents a question of statutory interpretation, which we review de novo.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  In interpreting a statute, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.  (*Ibid*.)  We begin by examining the statute's words, giving them a

2

plain and common sense meaning. (*Ibid*.) If there is no ambiguity, we presume the Legislature meant what it said and the plain meaning of the language governs. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.) If the statutory language is ambiguous, we may consider other aids, including the statute's legislative history. (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414.)

Section 1203.41 provides: "If a defendant is convicted of a felony, the court, in its discretion and in the interest of justice, may order" relief subject to certain conditions. (*Id*., subds. (a), (b).) For example, when a defendant has been sentenced to prison, two years must elapse since the completion of the defendant's sentence, the defendant cannot be on parole or probation or charged with the commission of an offense, and the defendant cannot be a person who is required to register as a sex offender. (*Id*., subds. (a)(2),(a)(3), (a)(6).)

Here, the plain language of the statute applies "if the defendant was sentenced to state prison." (§ 1203.41, subd. (a)(2).) Nothing in the language of the statute requires an original prison sentence. And nothing in the language of the statute disqualifies a person if he or she violates probation before being sentenced to state prison.

Thus, we agree with the parties that the trial court erroneously denied the petition. Accordingly, we reverse and remand. Appellant is facially eligible for relief. We express no opinion as to how the trial court should rule on remand.

*Disposition*

The order denying appellant's petition is reversed. The matter is remanded for the trial court to consider whether, in the

3

exercise of its discretion, appellant should be granted relief pursuant to section 1203.41.

CERTIFIED FOR PUBLICATION.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

4

John H. Reid, Judge
Superior Court County of Los Angeles
_____

Neighborhood Legal Services and Samantha Cox, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Kristen J. Inberg, Deputy Attorney General, for Plaintiff and Respondent.